[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 20-10604

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

MURRAY FARMER,
JOHN P. MCAVOY,
MARCO ZAVALA,

Interested Parties-Appellants,

*versus*

THE REPUBLIC OF HONDURAS,
(ROH),
MOISES STARKMAN,
former Minister of FHIS,
CARLOS ROBERTO FLORES FACUSSE,
former President of the Republic of Honduras,
Individually and in his official capacity,

JUAN ORLANDO HERNANDEZ,
current President of Honduras,
individually and in his official capacity,
GABRIELA NUNEZ DE REYES, et al.,
Secretary of State for Finance,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:17-cv-00470-KD-N

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, BRASHER, ABUDU, and TJOFLAT, Circuit Judges.[*]

PER CURIAM:

We previously vacated the panel's opinion and ordered this appeal be reheard en banc. *United States v. Republic of Honduras*, 26 F.4th 1252 (11th Cir. 2022). The en banc court directed the parties to address the following question: "Should this Court overrule its holding and reasoning in *United States v. Everglades College, Inc.*, 855

_____

[*] Senior Circuit Judge Tjoflat elected to participate in this en banc proceeding, pursuant to 28 U.S.C. § 46(c).

20-10604                    Opinion of the Court                    3

F.3d 1279 (11th Cir. 2017), and in so doing, decide that the United States may not dismiss a *qui tam* suit under the False Claims Act under 31 U.S.C. § 3730(c)(2)(A) without first intervening in the action?"

The en banc court convened for oral argument on June 21, 2022. On that same day, the Supreme Court granted a petition for a writ of certiorari to decide the interpretation of 31 U.S.C. § 3730(c). *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 142 S. Ct. 2834 (2022). We ordered that this appeal be held in abeyance pending the Supreme Court's decision.

On June 16, 2023, the Supreme Court issued its opinion in *United States ex. rel Polansky v. Executive Health Resources, Inc.*, 143 S. Ct. 1720 (2023). As relevant here, the Court held that § 3730(c)(2), which (among other things) permits the Government to dismiss or settle certain False Claims Act actions, "applies only if the Government has intervened, but the timing of the intervention makes no difference." *Polansky*, 143 S. Ct. at 1730. *Polansky* therefore abrogates our precedent, *Everglades*, in which we held that the Government may settle an action under § 3730(c)(2) without first intervening in the action. *See Everglades*, 855 F.3d at 1285–86.

For that reason, we VACATE the district court's order and REMAND this case for further proceedings consistent with the Supreme Court's opinion in *Polansky*.